**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

|   |   |
|---|---|
| In re:<br><br>HAL LESLIE REEDER and<br>SHANNON CAROL REEDER,<br><br>　　　Debtors. | Case No. 25-10269 KHT<br>Chapter 7 |

**ORDER ON TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION**

　　　THIS MATTER comes before the Court on the *Trustee's Objection to Debtor's Claim of Homestead Exemption* (the "Objection," docket #24), filed by Chapter 7 Trustee Jared C. Walters (the "Trustee"), and the Response thereto (the "Response," docket #26), filed by the Debtors, Hal Leslie Reeder and Shannon Carol Reeder (together, "Debtors," and separately, "Mr. Reeder" or "Ms. Reeder"). The parties submitted stipulated facts (docket #36) and briefs (docket ##37, 38), following which the matter was taken under advisement. The Court is now prepared to rule and hereby finds and concludes as follows:

**I.　　BACKGROUND AND PROCEDURAL FACTS**

　　　Debtors live at 255 N. A Street, Bethune, CO 80805 (the "255 Property"), which is an approximately one-third acre parcel of land with a single-family home. Debtors purchased the 255 Property in December 1998. The 255 Property is encumbered by a deed of trust securing a mortgage loan payable to NewRez, LLC.

　　　Abutting the 255 Property is property with an address of 275 N. A Street, Bethune, CO 80805 (the "275 Property"). The 275 Property is an approximately one-quarter acre parcel of land with a manufactured home. Ms. Reeder's mother conveyed the 275 Property to both Debtors in April 2012. Shortly thereafter, Ms. Reeder's mother conveyed the manufactured home to Ms. Reeder. No liens encumber the 275 Property or the manufactured home.

　　　Debtors' adult son lives in the manufactured home on the 275 Property. He is not a dependent of the Debtors. He pays the property taxes on the 275 Property. The properties have separate account numbers with the Kit Carson County Assessor and are taxed separately.

　　　Debtors assert they have two large vegetable gardens – one on each Property – from which they preserve food. Debtors maintain both properties by mowing, watering, and weed control. Debtors have two dogs and outdoor cats that have free range of both properties.

　　　Debtors filed their Chapter 7 petition on January 16, 2025, and Trustee was duly appointed. Debtors claimed a homestead exemption in both the 255 Property and the 275

Property.[1] Trustee timely filed an objection. The parties submitted the matter to the Court on stipulated facts and briefs.

## II.     APPLICABLE LAW

There is no dispute the applicable law is that of Colorado. Colorado law recognizes a homestead exemption, as follows:

(1)   Every homestead in the state is exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon:

(a)   The sum of two hundred fifty thousand dollars if the homestead is occupied as a home by an owner or an owner's family; or

(b)   The sum of three hundred fifty thousand dollars if the homestead is occupied as a home by an owner who is elderly or disabled, an owner's spouse who is elderly or disabled, or an owner's dependent who is elderly or disabled.

(2)   As used in this section, unless the context otherwise requires:

(a)   "Disabled" means having a physical or mental impairment that is disabling and that, because of other factors such as age, training, experience, or social setting, substantially precludes the person from engaging in a useful occupation as a homemaker, a wage earner, or a self-employed person in any employment that exists in the community and for which the person has competence.

(b)   "Elderly" means sixty years of age or older.

Colo. Rev. Stat. § 38-41-201. A homestead may consist of the following property:

(a)   A dwelling, as defined in section 38-41-201.7;
(b)   A house and lot or lots, including manufactured homes, mobile homes, trailers, and trailer coaches, as set forth in section 38-41-201.6; or
(c)   A farm consisting of any number of acres.

---

[1] Debtors initially asserted a homestead exemption only in the 255 Property. They later amended their schedules to assert a homestead exemption in both the 255 Property and the 275 Property. The stipulated facts before the Court do not support a determination Debtors acted improperly in their homestead assertions.

Colo. Rev. Stat. § 38-41-205(1). And, a "dwelling" includes "conventional housing and personal property that is actually used as a residence[.]" Colo. Rev. Stat. § 38-41-201.7

On an objection to a homestead exemption, the following burdens and rules of construction apply:

> Once an exemption is asserted, the party objecting to the exemption has the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c); *In re Larson*, 260 B.R. 174, 186 (Bankr. D. Colo. 2001). If, however, the objecting party can produce evidence to rebut the exemption, then the burden shifts to the debtor to produce evidence demonstrating that the exemption is proper. *Id.* The burden of persuasion remains with the objecting party.
>
> Notwithstanding, the Colorado Constitution and an unbroken line of Colorado cases instruct that Colorado exemptions are to be construed liberally in favor of Colorado residents claiming such exemptions. See COLO. CONST., Art. XVIII § 1 ("The general assembly shall pass liberal homestead and exemption laws."); [*Kulp v. Zeman (In re Kulp)*, 949 F.2d 1106, 1108 (10th Cir. 1991)] (interpreting Colorado exemption liberally based on Colorado Constitution); *In re Case*, 66 B.R. 44, 45 (Bankr. D. Colo. 1986).

*In re Romero*, 533 B.R. 807, 811 (Bankr. D. Colo. 2015) (footnotes omitted), *aff'd*, 579 B.R. 551, 557 (D. Colo. 2016).

### III. DISCUSSION

Trustee objects to Debtors' claim of exemption in two, separate properties, which were acquired at different times, have different parcel numbers, and are taxed separately. But, the plain language of the homestead exemption provides a homestead is not limited to one lot or parcel. *See* Colo. Rev. Stat. § 38-41-205(1) (A homestead may consist of "a house and lot or lots[.]"). As Judge Brown held in *In re Soles*, 497 B.R. 601 (Bankr. D. Colo. 2013):

> The Trustee suggests that Property 2 is not occupied as a home because Debtors' actual house is on a different lot, and because Property 2 was deeded to them separately from Property 1. The Court does not read Colorado's homestead exemption so narrowly. Rather, the statute specifically provides that a homestead may "consist of a house and lot or lots or of a farm consisting of any number of acres." Colo. Rev. Stat. § 38-41-205 (emphasis added). This language clearly permits a homestead to consist of more than one lot, and that any number of lots surrounding a house may considered to be part of the homestead. There is no requirement that the homestead consist of one parcel or legal description, or that all lots be purchased at the same time, or that a house touch every lot.

*Id.* at 603. The Tenth Circuit Bankruptcy Appellate panel has held similarly, in a case applying Wyoming law, cited in *Soles*. In *Kwiecinski v. Community First Nat'l Bank of Powell (In re Kwiecinski)*, 245 B.R. 672 (10th Cir. BAP 2000), the debtors sought to claim a homestead exemption under Wyoming law for a tract of farmland that was contiguous to the tract on which the debtors' home was located. The bankruptcy court held the debtors could not claim a homestead exemption in the farmland because they did not reside on that tract. But, on appeal, the Bankruptcy Appellate Panel reversed, stating:

> We see nothing in these statutes that might limit a Wyoming homestead in the manner the bankruptcy court did in this case. Instead, § 1-20-104 suggests that separate tracts can constitute a single homestead by stating that a homestead may be "a house and lot or lots in any town or city." This does not say that some part of the house must be physically located on every lot that is covered by the homestead right. Certainly adjacent lots could be purchased at different times under different deeds without the resulting homestead violating the literal language of the statute. Similarly, nothing in the phrase "a farm consisting of any number of acres" suggests that all the acres had to be obtained under a single deed. The bankruptcy court's interpretation of the Wyoming homestead statutes does not seem to be required by the language or to constitute a liberal construction that "effect[s] their beneficent purposes."

*Id.* at 675-76, *quoted in Soles*, 497 B.R. at 604. Because Wyoming's exemption statute contains similar language to Colorado's, and both states' laws provide for liberal construction of exemption statutes, this Court finds the *Kwiecinski* case persuasive. This Court similarly concludes the two properties' separate acquisition times, separate parcel numbers, and separate taxation do not prevent Debtors from claiming one homestead exemption in both the 255 Property and the 275 Property.

Trustee further argues Debtors' son's occupancy of the 275 Property prevents Debtors from claiming a homestead exemption in it. The Court cannot so find. First, a homestead exemption applies to property, not to people. As the U.S. District Court for the District of Colorado held:

> [T]he homestead has always been regarded as an exemption which attached to the realty and not to a debtor personally. That fact is initially evidence from the statute itself, which states "Every homestead ... occupied as a home ... shall be exempt from execution and attachment...." Colo. Rev. Stat. § 38-41-201. It cannot be convincingly argued that this language creates a personal right, for how can a personal right be "occupied as a home"? The posit of the question suffices as its answer.
>
> Moreover, Colorado courts have always regarded the homestead as a property right, the purpose of which is to preserve a right of occupancy, *In re Wallace's Estate*, 125 Colo. 584, 246 P.2d 894 (1952), and to preserve family habitation, *Weare v. Johnson*, 20 Colo. 363, 38 P. 374 (1894).

4

Indeed, in *Wright v. Whittick*, 18 Colo. 54, 31 P. 490, 491 (1892), the Colorado Supreme Court stated:

> The homestead exemption act extends certain protection to the premises set apart by the owner as a homestead.... It protects [the premises] against proceedings by execution and attachment.... (emphasis added).

The debtor would have me ignore the statutory and historical basis of the Colorado homestead exemption and treat it as an individual exemption arising out of the Bankruptcy Code like Athena from the head of Zeus. He postulates that since 11 U.S.C. § 522(m) requires the § 522 exemptions to be applied "separately with respect to each debtor," perforce he is entitled to claim the value of the homestead as an exemption upon his interest in the jointly held property. That approach simply ignores the basic nature of the homestead and its attachment to the realty instead of to the property owner. The authorities relied upon by debtor in support of his argument are not apposite to the extent they deal with exemption rights which are not affixed to the property.

*In re Robinson*, 44 B.R. 292, 293-94 (D. Colo. 1984) (footnote omitted). If the property at issue were one parcel with one home, and Debtors' adult son occupied one of the home's bedrooms, the son's residency would not prevent Debtors from claiming an exemption in their property. Here too, the Court finds the son's residency does not prevent Debtors from claiming an exemption in the property they own and use.

Here, the undisputed facts show Debtors use both the 255 Property and the 275 Property. This is not a case where an abutting property is rented to a third-party tenant who has sole, exclusive use of the rented property. Debtors' son's occupancy of the 275 Property is not adverse to Debtors' use, as Debtors maintain both properties and Debtors and their pets use both properties for home-related activities, including gardening.

Finally, the 255 Property and the 275 Property have been in the family for quite some time. The 275 Property was formerly owned by Ms. Reeder's mother, who conveyed the 275 Property to both Debtors in April 2012. As Judge Brown concluded in *Soles*:

> The purpose of the Colorado homestead exemption is "to preserve the home for the family," *Fleet v. Zwick*, 994 P.2d 480, 482 (Colo. App. 1999), as well as to "secure the permanent habitation of the family," and "to cultivate the interest, pride, and affection of the individual," *Matter of Estate of Dodge*, 685 P.2d 260, 263 (Colo. App. 1984).

497 B.R. at 604. Here, the Court finds allowing an exemption in the 255 Property and the 275 Property best preserves the Debtors' home for their family.

To the extent Trustee met his burden of showing Debtors' homestead exemption was not properly claimed, the Court finds Debtors have produced sufficient evidence to show the exemption is proper. The Court cannot find Trustee has satisfied his burden of persuading the Court Debtors' two abutting lots cannot be claimed as one homestead. The Court will therefore overrule Trustee's Objection.

### IV. CONCLUSION

For the reasons discussed above, the Court finds Trustee has not satisfied his burden of persuasion. The Objection will be overruled.

Accordingly, it is

HEREBY ORDERED that the Objection is OVERRULED.

Dated March 12, 2026

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge